ARCTIC, Cargo of The, (CRAPO v.) See Case No. 3,361.

ARCTIC, The, (GEORGE v.) See Case No. 5,330.

ARCTIC OIL CO., (NATIONAL FILTER-ING OIL CO. v.) See Case No. 10,042.

ARCTURUS, The, (TIBBITTS v.) See Case No. 14,021.

———

## Case No. 509b.

### ARCULARIUS v. STAPLES.

[Betts' Scr. Bk. 586.]

District Court, S. D. New York. March Term, 1859.

ADMIRALTY — JURISDICTION — STATE LAW—HALF PILOTAGE — DEFAULT JUDGMENT — VACATION—LACHES.

[1. Act Aug. 7, 1789. (1 Stat. 53.) enacts that "all pilots in the harbors of the United States shall continue to be regulated in accordance with the existing laws of the state;" and by a law of the state of New York a pilot is entitled to receive one-half legal pilot fees from the master of a vessel who refuses to employ or receive such pilot on board. *Held,* that the right to half pilotage is not cognizable by the admiralty side of the district court, but is a legal right triable only on the common law side.]

[2. An action for pilotage commenced June 7, 1857, was by both parties put on the calendar for hearing, and was noticed by libellant from term to term until January 29, 1859, when a default was taken, and the case referred to a commissioner, who made his report February 19, 1859. On March 1, 1859, defendant filed his answer, denying the allegations of the libel, and gave written notice of a motion to set aside all proceedings as coram non judice, and void. *Held,* that the irregu-larities and laches of defendant, unexplained by him, debarred him of the right to set aside the libellant's proceedings by such a form of motion.]

[In admiralty. Action by Benjamin F. Arcularius against Capt. Staples for pilot fees. Judgment by default for libellant. Defendant moves to set aside all proceedings as coram non judice and void. Motion denied.]

This was an action brought by the plaintiff, a licensed Hell Gate pilot, against the master of a sailing vessel belonging to the state of Maine, to recover fees fixed by the laws of the state of New York. The charge was that the pilot offered his services to the master to pilot the vessel, then going through Hell Gate. The master refused to employ or receive him on board. By the laws of the state of New York the pilot is entitled to receive one-half legal pilot fees from the master for such refusal and that such fees amount to $5.25. The action has been prosecuted to default and reference to a commissioner, and a report made by the commissioner, finding that the sum was due to the pilot. The master applied to the court to set aside all the proceedings as coram non judice and void. The pilot opposed the motion as irregular, and on the ground that the master has waived, by his acquiescence and laches, all claim to relief.

The action was commenced June 7, 1857, and was by both parties put upon the calendar for hearing; and it was noticed by the libellant every term till January 29, 1859, when the default was taken, and the case was referred to a commissioner who made his report Feb. 19, 1859. On the 1st of March instant, the defendant filed his answer denying the allegations of the libel and to the jurisdiction of the court, giving written notice of this motion.

BETTS, District Judge. This is a case of admiralty and maritime jurisdiction on general principles of maritime law, as in pilotage, service was performance. The right of action is claimed under a statutory provision of the legislature of this state. The act of congress of August 7, 1789, [1 Stat. 53, § 4,] enacts that all pilots in the bays, inlets, rivers, harbors and ports of the United States, shall continue to be regulated in conformity with the existing laws of the states, respectively wherein such pilots may be, or with such laws as the states may respectively hereafter enact for the purpose until further legislative provision shall be made by congress.

If by power of this statute the state law becomes also a law of the United States in respect to the provision giving compensation to pilots who are prepared and tender their services but are refused by masters of vessels, and actually render none, it would not make the right so conferred one of which this court can take cognizance on the ad-

miralty side. It would become a legal right triable on the common law side of the court only. The irregularity and laches of the defendant unaccounted for on his part, debar him of the right to set aside libellant's proceeding by this form of motion; but the court will feel compelled to withhold its further action in suffering the interlocutory judgment obtained by the libellant, for want of jurisdiction over the subject matter.

Order accordingly, but without costs.